Michael J. Lyons, CA State Bar No. 202284
michael.lyons@morganlewis.com
Jason E. Gettleman, CA State Bar No. 269733
jason.gettleman@morganlewis.com
Jacob J.O. Minne, CA State Bar No. 294570
jacob.minne@morganlewis.com
Karon N. Fowler, CA State Bar No. 308145
karon.fowler@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1400 Page Mill Road
Palo Alto, CA  94304
Tel:     +1.650.843.4000
Fax:    +1.650.843.4001

Attorneys for Plaintiff
HITACHI KOKUSAI ELECTRIC INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HITACHI KOKUSAI ELECTRIC INC., a Japanese corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ASM INTERNATIONAL, N.V., a Netherlands corporation, and ASM AMERICA, INC., a Delaware corporation,<br><br>Defendants. | Case No. 5:17-cv-6880<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Hitachi Kokusai Electric Inc. ("Plaintiff" or "HiKE") for its complaint against

Defendants ASM America, Inc. and ASM International, N.V. ("Defendants" or "ASM"), hereby

alleges as follows:

## PARTIES

1.      HiKE is a corporation organized and existing under the laws of Japan with its

principal place of business in Tokyo, Japan.

2.      Defendant ASM International, N.V. is a corporation organized and existing under the laws of the Netherlands with its principal place of business at Versterkerstraat 8, 1332 AP Almere, Netherlands.

3.      Defendant ASM America, Inc. is a Delaware corporation, with its principal place of business at 3340 East University Drive, Phoenix, AZ 85034, and qualified to do business in the State of California, with an office located at 97 East Brokaw Road, Suite 100, San Jose, California, 95112.  On information and belief, Defendant ASM America, Inc. is a wholly-owned subsidiary of ASM International, N.V.

4.      On information and belief, Defendants jointly make, use, sell, offer for sale or import certain semiconductor process equipment for wafer processing, including the Pulsar XP ALD system, EmerALD XP ALD system, XP8 system, A412 batch vertical furnace system, A400 batch vertical furnace system, Intrepid XP epitaxy product, Epsilon 2000 single wafer epitaxy system, and Epsilon 3200 single wafer epitaxy system (the "Accused Products").

**TECHNOLOGY – PRODUCT MATRIX**

| DEPOSITION APPLICATION | ASMI PRODUCT PLATFORM | ASMI PRODUCTS | PROCESS APPLICATION |
|---|---|---|---|
| ALD | XP[1] | Pulsar XP ALD system<br>EmerALD XP ALD system | High-k gate dielectric<br>Metal gate electrode |
| PEALD | XP8[1] | Eagle XP8 PEALD system | Spacer for multipatterning<br>Gate spacer<br>Etch stop |
| PECVD | XP8[1] | Dragon XP8 PECVD system | Inter-layer dielectric<br>Silicon nitride |
| Diffusion Oxidation LPCVD ALD | Advance Series | A400 batch vertical furnace system<br>A412 batch vertical furnace system | Furnace:<br>- Diffusion, oxidation<br>- Polysilicon<br>- Silicon nitride |
| Epitaxy | XP[1] | Intrepid XP epitaxy | Silicon channel<br>Strain layer |
| | Epsilon | Epsilon 2000 single wafer epitaxy system<br>Epsilon 3200 single wafer epitaxy system | |

ASM, *Technology – Product Matrix*, http://www.asm.com/solutions/products (last accessed Nov.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

2

PLAINTIFF HITACHI KOKUSAI
ELECTRIC INC.'S COMPLAINT FOR
PATENT INFRINGEMENT

30, 2017).

5. Defendants' actions have caused HiKE harm, and will cause further harm to HiKE if Defendants' actions continue. In addition, Defendants' knowing acts of infringement will frustrate HiKE's continued, strong business relationships, contracts, and potential contracts, with resulting lost sales and profits, and otherwise are or will case substantial harm to HiKE's business.

6. As a result of Defendants' actions, HiKE brings this lawsuit to protect its patented innovation and its reputation as the world-wide leader in the semiconductor manufacturing system industry.

### JURISDICTION AND VENUE

7. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1138(a).

8. On information and belief, Defendants are subject to the personal jurisdiction of this Court because they are doing and have done substantial business in this District, including business relating to the sale and distribution of the Accused Products. Defendants have continuous and systematic business contacts with the State of California and either directly or through subsidiaries and intermediaries conduct business in California by shipping, distributing, offering for sale, selling, advertising (including the provision of an interactive web page—*e.g.*, http://www.asm.com/solutions/products) the Accused Products in the State of California and the Northern District of California. Defendants also directly or through their subsidiaries and intermediaries conduct business in California through their sales and service office located at 97 East Brokaw Road, Suite 100, San Jose, California, 95112. Defendants directly or through their subsidiaries and intermediaries have purposefully and voluntarily placed the Accused Products into the stream of commerce with the intention and expectation that the Accused Products will be purchased and used by customers in the Northern District of California. Therefore, the exercise of jurisdiction over Defendants is proper under the applicable jurisdictional statutes and would

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

3

PLAINTIFF HITACHI KOKUSAI
ELECTRIC INC.'S COMPLAINT FOR
PATENT INFRINGEMENT

not offend traditional notions of fair play and substantial justice.

9. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(a), 1391(c), and/or 1400(b) because, among other reasons, Defendants are subject to personal jurisdiction in this District and have committed acts of infringement in this District.

## INTRADISTRICT ASSIGNMENT

10. Pursuant to Local Rules 3-2(c) and (e), Intellectual Property Actions are assigned on a district-wide basis. Further, a substantial part of the events giving rise to the claims alleged in this Complaint occurred and are occurring in the city of San Jose, CA and the county of Santa Clara because ASM America, Inc.'s sales and service office is located in San Jose, CA.

## BACKGROUND

11. HiKE is a world leader in the design, manufacture, installation, and maintenance of batch and single wafer semiconductor manufacturing systems and equipment.

12. HiKE is recognized as a pioneer in the field of thermal processing technology for semiconductor wafers, and HiKE furnaces are found in the majority of semiconductor fabrication plants, commonly known as "fabs," around the world.

13. To continually improve its product offerings for its customers, HiKE invests substantial resources in research and development of semiconductor manufacturing systems, including the development of products having improved fabrication processing time, having improved productivity, and resulting in product of superior quality. Over the years, HiKE has received accolades for its role as an innovative leader in this field of technology and has received numerous seminal and valuable patents for its inventions. HiKE relies upon its patents to maintain its reputation as a leader in semiconductor manufacturing systems technology and protect its customers from inferior devices that may result in lesser quality processing and production.

14. HiKE's patents in this field include U.S. Patent Nos. 7,033,937 ("the '937 patent"), 6,576,063 ("the '063 patent"), 7,808,396 ("the '396 patent"), RE43,023 ("the '023 patent"), 6,744,018 ("the '018 patent"), 8,409,988 ("the '988 patent"), and 9,318,316 ("the '316

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

4

PLAINTIFF HITACHI KOKUSAI
ELECTRIC INC.'S COMPLAINT FOR
PATENT INFRINGEMENT

patent") (collectively, "the Asserted Patents").

## The Patents-in-Suit

15.     On April 25, 2006, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '937 patent, which is titled "Apparatus and Method for Use in Manufacturing a Semiconductor Device." The '937 patent has been assigned to HiKE. HiKE holds all right, title, and interest in the '937 patent, including the right to collect and receive damages for past, present, and future infringement of the '937 patent.

16.     On June 10, 2003, the USPTO duly and legally issued the '063 patent, which is titled "Apparatus and Method for Use in Manufacturing a Semiconductor Device." The '063 patent has been assigned to HiKE. HiKE holds all right, title, and interest in the '063 patent, including the right to collect and receive damages for past, present, and future infringement of the '063 patent.

17.     On October 5, 2010, the USPTO duly and legally issued the '396 patent, which is titled "Substrate Processing Apparatus." The '396 patent has been assigned to HiKE. HiKE holds all right, title, and interest in the '396 patent, including the right to collect and receive damages for past, present, and future infringement of the '396 patent.

18.     On December 13, 2011, the USPTO duly and legally reissued U.S. Patent No. 6,641,350 as the '023 patent, which is titled "Dual Loading Port Semiconductor Processing Equipment." The '023 patent has been assigned to HiKE. HiKE holds all right, title, and interest in the '023 patent, including the right to collect and receive damages for past, present, and future infringement of the '023 patent.

19.     On June 1, 2004, the USPTO duly and legally issued the '018 patent, which is titled "Dual Loading Port Semiconductor Processing Equipment." The '018 patent has been assigned to HiKE. HiKE holds all right, title, and interest in the '018 patent, including the right to collect and receive damages for past, present, and future infringement of the '018 patent.

20.     On April 2, 2013, the USPTO duly and legally issued the '988 patent, which is titled "Method of Manufacturing Semiconductor Device and Substrate Processing Apparatus."

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

5

PLAINTIFF HITACHI KOKUSAI
ELECTRIC INC.'S COMPLAINT FOR
PATENT INFRINGEMENT

The '988 patent has been assigned to HiKE. HiKE holds all right, title, and interest in the '988 patent, including the right to collect and receive damages for past, present, and future infringement of the '988 patent.

21.    On April 19, 2016, the USPTO duly and legally issued the '316 patent, which is titled "Method of Manufacturing Semiconductor Device, Method of Processing Substrate and Substrate Processing Apparatus for Forming Thin Film Containing at Least Two Different Elements." The '316 patent has been assigned to HiKE. HiKE holds all right, title, and interest in the '316 patent, including the right to collect and receive damages for past, present, and future infringement of the '316 patent.

## COUNT I

### Infringement of the '937 Patent

22.    HiKE incorporates paragraphs 1-21 above by reference.

23.    HiKE is the owner, by assignment, of all rights, title and interest in the '937 patent, including the right to recover damages for past infringement.

24.    By making, using, importing, selling, and/or offering for sale one or more of the Accused Products, including but not limited to the Pulsar XP ALD system, Defendants have infringed and continue to infringe the '937 patent in this District and throughout the United States.

25.    For example, the Pulsar XP ALD system infringes at least claim 10 of the '937 patent because it practices a semiconductor device manufacturing method that includes the steps of (a) generating a plasma in at least one plasma source arranged outside a reaction chamber where the reaction chamber has at least one substrate to be processed; and (b) supplying and removing active species generated by the plasma source into and from the reaction chamber through a supply port arranged at a side of the reaction chamber and an exhaust port arranged at a substantially opposite side to the supply port where the supply port and the exhaust port are positioned substantially at a same level, and the active species flows in a substantially horizontal direction from the supply port to the exhaust port.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

6

PLAINTIFF HITACHI KOKUSAI
ELECTRIC INC.'S COMPLAINT FOR
PATENT INFRINGEMENT

26.     Defendants have been aware of the '937 patent and its infringement since at least July 10, 2012.

27.     On information and belief, Defendants have also induced and/or are inducing the infringement of the '937 patent by making, using, importing, offering for sale, and/or selling one or more of the Accused Products, including but not limited to the Pulsar XP ALD system.  At least this product, as provided by Defendants to their customers and used as intended and instructed, infringes the '937 patent.  Defendants sold and/or offered for sale one or more of the Accused Products, including but not limited to the Pulsar XP ALD system, and are continuing to do so, to customers with the specific intent to actively encourage them to use one or more of the Accused Products, including but not limited to the Pulsar XP ALD system in the United States in a manner that Defendants know to be infringing.

28.     On information and belief, Defendants have also contributed to and/or are contributing to the infringement of the '937 patent by making, using, importing, offering for sale, and/or selling one or more of the Accused Products, including but not limited to the Pulsar XP ALD system.  Defendants have made and/or sold such products with knowledge that they are especially designed for use in a patented system and/or apparatus for use in a patented process and are not a staple article of commerce suitable for substantial non-infringing use.  For example, among other things, on information and belief, Defendants actively and knowingly sell such products and provide customer support, installation and instruction material, and other documentation to customers for such products' use as a component of a patented system and/or apparatus for use in a patented process.  On information and belief, Defendants' customers have used and continue to use such products in the United States in this manner and infringed the '937 patent.

29.     As a result of Defendants' infringement of the '937 patent, HiKE has suffered and continues to suffer damages.  HiKE is entitled to recover from Defendants the damages adequate to compensate for such infringement in an amount to be determined at trial.

30.     Defendants' acts of infringement of the '937 patent herein have been committed

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

7

PLAINTIFF HITACHI KOKUSAI
ELECTRIC INC.'S COMPLAINT FOR
PATENT INFRINGEMENT

and are being committed with full knowledge of HiKE's rights in the patent. On information and belief, Defendants have acted and are continuing to act despite knowing that their actions constituted direct and/or indirect infringement of a valid patent, and they knew or should have known of this infringement since at least July 10, 2012. Defendants' acts constitute willful and deliberate infringement, entitling HiKE to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs.

31. Defendants' acts of infringement have caused and will continue to cause irreparable harm to HiKE for which there is no adequate remedy at law, thereby entitling HiKE to injunctive relief.

## COUNT II

### Infringement of the '063 Patent

32. HiKE incorporates paragraphs 1-31 above by reference.

33. HiKE is the owner, by assignment, of all rights, title and interest in the '063 patent, including the right to recover damages for past infringement.

34. By making, using, importing, selling, and/or offering for sale one or more of the Accused Products, including but not limited to the Pulsar XP ALD system, Defendants have infringed and continue to infringe the '063 patent in this District and throughout the United States.

35. For example, the Pulsar XP ALD system infringes at least claim 10 of the '063 patent because it meets the claim 10's limitations of a semiconductor manufacturing apparatus that includes (a) a reaction chamber in which one or more substrates are disposed for processing; (b) a plasma source arranged outside of and in proximity to the reaction chamber; (c) an active species supply port for providing active species generated by the plasma source to the reaction chamber and arranged at a side of the reaction chamber; and (d) an exhaust port at a substantially opposite side to the active species supply port; (e) where the active species flow substantially parallel to the surface of each substrate from an edge in proximity to the active species supply port to another edge in proximity to the exhaust port; and (f) where the reaction chamber includes

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

8

PLAINTIFF HITACHI KOKUSAI
ELECTRIC INC.'S COMPLAINT FOR
PATENT INFRINGEMENT

two openings for introducing and removing the active species into and from the reaction chamber, the openings are positioned substantially at a same level, and the active species flow in a substantially horizontal direction from one opening to the other.

36. Defendants have been aware of the '063 patent and its infringement since at least July 10, 2012.

37. On information and belief, Defendants have also induced and/or are inducing the infringement of the '063 patent by making, using, importing, offering for sale, and/or selling one or more of the Accused Products, including but not limited to the Pulsar XP ALD system. Defendants sold and/or offered for sale one or more of the Accused Products, including but not limited to the Pulsar XP ALD system, and are continuing to do so, to customers with the specific intent to actively encourage them to use at least one or more of the Accused Products, including but not limited to the Pulsar XP ALD system in the United States in a manner that Defendants know to be infringing.

38. On information and belief, Defendants have also contributed to and/or are contributing to the infringement of the '063 patent by making, using, importing, offering for sale, and/or selling one or more of the Accused Products, including but not limited to the Pulsar XP ALD system. Defendants have made and/or sold such products with knowledge that they are especially designed for use in a patented system and/or apparatus for use in a patented process and are not a staple article of commerce suitable for substantial non-infringing use. For example, among other things, on information and belief, Defendants actively and knowingly sell such products and provide customer support, installation and instruction material, and other documentation to customers for such products' use as a component of a patented system and/or apparatus for use in a patented process. On information and belief, Defendants' customers have used and continue to use such products in the United States in this manner and infringed the '063 patent.

39. As a result of Defendants' infringement of the '063 patent, HiKE has suffered and continues to suffer damages. HiKE is entitled to recover from Defendants the damages adequate

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

9

PLAINTIFF HITACHI KOKUSAI
ELECTRIC INC.'S COMPLAINT FOR
PATENT INFRINGEMENT

to compensate for such infringement in an amount to be determined at trial.

40.   Defendants' acts of infringement of the '063 patent herein have been committed and are being committed with full knowledge of HiKE's rights in the patent.  On information and belief, Defendants have acted and are continuing to act despite knowing that their actions constituted direct and/or indirect infringement of a valid patent, and they knew or should have known of this infringement since at least July 10, 2012.  Defendants' acts, constitute willful and deliberate infringement, entitling HiKE to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs.

41.   Defendants' acts of infringement have caused and will continue to cause irreparable harm to HiKE for which there is no adequate remedy at law, thereby entitling HiKE to injunctive relief.

## COUNT III

### Infringement of the '396 Patent

42.   HiKE incorporates paragraphs 1-41 above by reference.

43.   HiKE is the owner, by assignment, of all rights, title and interest in the '396 patent, including the right to recover damages for past infringement.

44.   By making, using, importing, selling, and/or offering for sale one or more of the Accused Products, including but not limited to the Intrepid XP epitaxy system, Defendants have infringed and continue to infringe the '396 patent in this District and throughout the United States.

45.   For example, the Intrepid XP epitaxy system infringes at least claim 9 of the '396 patent because it contains a substrate processing apparatus that includes a signal tower and a buzzer as a plurality of signal indicators for indicating a running state, consisting of (a) a display unit that displays operation conditions, which are not set independently and in advance, that correspond to the signal tower and the buzzer, where (b) the display unit sets the sound of the buzzer as the operational condition of the signal tower.

46.   Defendants have been aware of the '396 patent and its infringement since at least

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

PLAINTIFF HITACHI KOKUSAI
ELECTRIC INC.'S COMPLAINT FOR
PATENT INFRINGEMENT

July 10, 2012.

47.     On information and belief, Defendants have also induced and/or are inducing the infringement of the '396 patent by making, using, importing, offering for sale, and/or selling one or more of the Accused Products, including but not limited to the Intrepid XP epitaxy system. Such products, as provided by Defendants to their customers and used as intended and instructed, infringe the '396 patent.  Defendants sold and/or offered for sale one or more of the Accused Products, including but not limited to the Intrepid XP epitaxy system, and are continuing to do so, to customers with the specific intent to actively encourage them to one or more of the Accused Products, including but not limited to the Intrepid XP epitaxy system in the United States in a manner that Defendants know to be infringing.

48.     On information and belief, Defendants have also contributed to and/or are contributing to the infringement of the '396 patent by making, using, importing, offering for sale, and/or selling one or more of the Accused Products, including but not limited to the Intrepid XP epitaxy system.  Defendants have made and/or sold such products with knowledge that they are products are especially designed for use in a patented system and/or apparatus for use in a patented process and are not staple articles of commerce suitable for substantial non-infringing use.  For example, among other things, on information and belief, Defendants actively and knowingly sell such products and provide customer support, installation and instruction material, and other documentation to customers for the products' use as a component of a patented system and/or apparatus for use in a patented process.  On information and belief, Defendants' customers have used and continue to use such products in the United States in this manner and infringed the '396 patent.

49.     As a result of Defendants' infringement of the '396 patent, HiKE has suffered and continues to suffer damages.  HiKE is entitled to recover from Defendants the damages adequate to compensate for such infringement in an amount to be determined at trial.

50.     Defendants' acts of infringement of the '396 patent herein have been committed and are being committed with full knowledge of HiKE's rights in the patent.  On information and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

11

PLAINTIFF HITACHI KOKUSAI
ELECTRIC INC.'S COMPLAINT FOR
PATENT INFRINGEMENT

belief, Defendants have acted and are continuing to act despite knowing that their actions constituted direct and/or indirect infringement of a valid patent, and they knew or should have known of this infringement since at least July 10, 2012. Defendants' acts constitute willful and deliberate infringement, entitling HiKE to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs.

51.    Defendants' acts of infringement have caused and will continue to cause irreparable harm to HiKE for which there is no adequate remedy at law, thereby entitling HiKE to injunctive relief.

## COUNT IV

### Infringement of the '023 Patent

52.    HiKE incorporates paragraphs 1-51 above by reference.

53.    HiKE is the owner, by assignment, of all rights, title and interest in the '023 patent, including the right to recover damages for past infringement.

54.    By making, using, importing, selling, and/or offering for sale one or more of the Accused Products, including but not limited to the A412 batch vertical furnace system, Defendants have infringed and continue to infringe the '023 patent in this District and throughout the United States.

55.    For example, the A412 batch vertical furnace system infringes at least claim 1 of the '023 patent because it meets claim 1's limitations of substrate processing equipment that includes (a) at least two pod supporting stages on which to place a pod for containing substrates where the pod has a door; (b) at least two independently-operable opening mechanisms for pod doors, each of which permits access to substrates inside the pod that is placed on a corresponding one of the pod supporting stages; and (c) each of the pod door opening mechanisms horizontally removes the door from the corresponding pod to allow the corresponding pod's substrates to be unloaded from the pod.

56.    Defendants have been aware of the '023 patent and its infringement since at least as early as July 10, 2012.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

PLAINTIFF HITACHI KOKUSAI
ELECTRIC INC.'S COMPLAINT FOR
PATENT INFRINGEMENT

57.    On information and belief, Defendants have also induced and/or are inducing the infringement of the '023 patent by making, using, importing, offering for sale, and/or selling one or more of the Accused Products, including but not limited to the A412 batch vertical furnace system.  Defendants sold and/or offered for sale one or more of the Accused Products, including but not limited to the A412 batch vertical furnace system, and are continuing to do so, to customers with the specific intent to actively encourage them to use one or more of the Accused Products, including but not limited to the A412 batch vertical furnace system in the United States in a manner that Defendants know to be infringing.

58.    On information and belief, Defendants have also contributed to and/or are contributing to the infringement of the '023 patent by making, using, importing, offering for sale, and/or selling one or more of the Accused Products, including but not limited to the A412 batch vertical furnace system.  Defendants have made and/or sold such products with knowledge that they are especially designed for use in a patented system and/or apparatus for use in a patented process and are not a staple article of commerce suitable for substantial non-infringing use.  For example, among other things, on information and belief, Defendants actively and knowingly sell such products and provide customer support, installation and instruction material, and other documentation to customers for such products' use as a component of a patented system and/or apparatus for use in a patented process.  On information and belief, Defendants' customers have used and continue to use such products in the United States in this manner and infringed the '023 patent.

59.    As a result of Defendants' infringement of the '023 patent, HiKE has suffered and continues to suffer damages.  HiKE is entitled to recover from Defendants the damages adequate to compensate for such infringement in an amount to be determined at trial.

60.    Defendants' acts of infringement of the '023 patent herein have been committed and are being committed with full knowledge of HiKE's rights in the patent.  On information and belief, Defendants have acted and are continuing to act despite knowing that their actions constituted direct and/or indirect infringement of a valid patent, and they knew or should have

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

13

PLAINTIFF HITACHI KOKUSAI
ELECTRIC INC.'S COMPLAINT FOR
PATENT INFRINGEMENT

known of this infringement since at least July 10, 2012. Defendants' acts constitute willful and deliberate infringement, entitling HiKE to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs.

61. Defendants' acts of infringement have caused and will continue to cause irreparable harm to HiKE for which there is no adequate remedy at law, thereby entitling HiKE to injunctive relief.

## COUNT V

### Infringement of the '018 Patent

62. HiKE incorporates paragraphs 1-61 above by reference.

63. HiKE is the owner, by assignment, of all rights, title and interest in the '018 patent, including the right to recover damages for past infringement.

64. By making, using, importing, selling, and/or offering for sale one or more of the Accused Products, including but not limited to the XP8 system, Defendants have infringed and continue to infringe the '018 patent in this District and throughout the United States.

65. For example, the XP8 system infringes at least claim 14 of the '018 patent because it meets claim 14's limitations of a substrate processing apparatus, including (a) a heating member that heats a substrate and is capable of performing an unequal heating in a substrate surface; (b) a controller that controls heating of the substrate at least between a first temperature and a second temperature, which is different from the first temperature, and that controls the heating member such that a temperature deviation in the substrate surface is maintained within a range such that no warpage of the substrate occurs; and (c) where a temperature deviation value in the substrate surface at the first temperature and a temperature deviation value in the substrate surface at the second temperature are different from each other.

66. Defendants have been aware of the '018 patent and its infringement since at least July 10, 2012.

67. On information and belief, Defendants have also induced and/or are inducing the infringement of the '018 patent by making, using, importing, offering for sale, and/or selling one

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

14

PLAINTIFF HITACHI KOKUSAI ELECTRIC INC.'S COMPLAINT FOR PATENT INFRINGEMENT

or more of the Accused Products, including but not limited to the XP8 system.  Defendants sold and/or offered for sale one or more of the Accused Products, including but not limited to the XP8 system, and are continuing to do so, to customers with the specific intent to actively encourage them to use one or more of the Accused Products, including but not limited to the XP8 system, in the United States in a manner that Defendants know to be infringing.

68.    On information and belief, Defendants have also contributed to and/or are contributing to the infringement of the '018 patent by making, using, importing, offering for sale, and/or selling one or more of the Accused Products, including but not limited to the XP8 system.  Defendants have made and/or sold such products with knowledge that they are especially designed for use in a patented system and/or apparatus for use in a patented process and are not staple articles of commerce suitable for substantial non-infringing use.  For example, among other things, on information and belief, Defendants actively and knowingly sell such products and provide customer support, installation and instruction material, and other documentation to customers for the products' use as a component of a patented system and/or apparatus for use in a patented process.  On information and belief, Defendants' customers have used and continue to use such products in the United States in this manner and infringed the '018 patent.

69.    As a result of Defendants' infringement of the '018 patent, HiKE has suffered and continues to suffer damages.  HiKE is entitled to recover from Defendants the damages adequate to compensate for such infringement in an amount to be determined at trial.

70.    Defendants' acts of infringement of the '018 patent herein have been committed and are being committed with full knowledge of HiKE's rights in the patent.  On information and belief, Defendants have acted and are continuing to act despite knowing that their actions constituted direct and/or indirect infringement of a valid patent, and they knew or should have known of this infringement since at least July 10, 2012.  Defendants' acts, since at least July 10, 2012, constitute willful and deliberate infringement, entitling HiKE to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs.

71.    Defendants' acts of infringement have caused and will continue to cause

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

15

PLAINTIFF HITACHI KOKUSAI
ELECTRIC INC.'S COMPLAINT FOR
PATENT INFRINGEMENT

irreparable harm to HiKE for which there is no adequate remedy at law, thereby entitling HiKE to injunctive relief.

## COUNT VI

### Infringement of the '988 Patent

72.    HiKE incorporates paragraphs 1-71 above by reference.

73.    HiKE is the owner, by assignment, of all rights, title and interest in the '988 patent, including the right to recover damages for past infringement.

74.    By making, using, importing, selling, and/or offering for sale one or more of the Accused Products, including but not limited to the XP8 system, Defendants have infringed and continue to infringe the '988 patent in this District and throughout the United States.

75.    For example, the XP8 system infringes at least claim 1 of the '988 patent because it practices a method of manufacturing a semiconductor device that consists of (a) forming a first layer including a first element that is able to become solid state by itself on a substrate by supplying a gas containing the first element into a process vessel that contains the substrate under a condition where a CVD reaction is caused; (b) modifying the first layer by supplying a gas containing a second element that is unable to become solid state by itself into the process vessel to form a second layer including the first element and the second element; and (c) performing a cycle that consists of steps (a) and (b) at least once to form a thin film having a predetermined thickness and including the first element and the second element.

76.    Defendants have been aware of the '988 patent and its infringement since at least as early as October 17, 2014.

77.    On information and belief, Defendants have also induced and/or are inducing the infringement of the '988 patent by making, using, importing, offering for sale, and/or selling one or more of the Accused Products, including but not limited to the XP8 system.  Defendants sold and/or offered for sale one or more of the Accused Products, including but not limited to the XP8 system, and are continuing to do so, to customers with the specific intent to actively encourage them to use one or more of the Accused Products, including but not limited to the XP8 system, in

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

16

PLAINTIFF HITACHI KOKUSAI
ELECTRIC INC.'S COMPLAINT FOR
PATENT INFRINGEMENT

the United States in a manner that Defendants know to be infringing.

78.    On information and belief, Defendants have also contributed to and/or are contributing to the infringement of the '988 patent by making, using, importing, offering for sale, and/or selling one or more of the Accused Products, including but not limited to the XP8 system. Defendants have made and/or sold such products with knowledge that they are especially designed for use in a patented system and/or apparatus for use in a patented process and are not a staple article of commerce suitable for substantial non-infringing use.  For example, among other things, on information and belief, Defendants actively and knowingly sell such products and provide customer support, installation and instruction material, and other documentation to customers for such products' use as a component of a patented system and/or apparatus for use in a patented process.  On information and belief, Defendants' customers have used and continue to use such products in the United States in this manner and infringed the '988 patent.

79.    As a result of Defendants' infringement of the '988 patent, HiKE has suffered and continues to suffer damages.  HiKE is entitled to recover from Defendants the damages adequate to compensate for such infringement in an amount to be determined at trial.

80.    Defendants' acts of infringement of the '988 patent herein have been committed and are being committed with full knowledge of HiKE's rights in the patent.  On information and belief, Defendants have acted and are continuing to act despite knowing that their actions constituted direct and/or indirect infringement of a valid patent, and they knew or should have known of this infringement since at least October 17, 2014.  Defendants' acts constitute willful and deliberate infringement, entitling HiKE to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs.

81.    Defendants' acts of infringement have caused and will continue to cause irreparable harm to HiKE for which there is no adequate remedy at law, thereby entitling HiKE to injunctive relief.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

PLAINTIFF HITACHI KOKUSAI
ELECTRIC INC.'S COMPLAINT FOR
PATENT INFRINGEMENT

## COUNT VII

### Infringement of the '316 Patent

82.    HiKE incorporates paragraphs 1-81 above by reference.

83.    HiKE is the owner, by assignment, of all rights, title and interest in the '316 patent, including the right to recover damages for past infringement.

84.    By making, using, importing, selling, and/or offering for sale one or more of the Accused Products, including but not limited to the XP8 system, Defendants have infringed and continue to infringe the '316 patent in this District and throughout the United States.

85.    For example, the XP8 system infringes at least claim 1 of the '316 patent because it practices a semiconductor device manufacturing method that forms a thin film on that substrate where the film is a predetermined thickness, is a predetermined composition, and consists of a first element and a second element different from the first element, by repeating a cycle a plurality of times, and the cycle consists of the following steps: (a) forming a first layer on the substrate that includes the first element and has a thickness of several atomic layers or less than one atomic layer by supplying a gas containing the first element into a process vessel that accommodates the substrate; and (b) forming a second layer that includes the first element and the second element by supplying a gas containing the second element into the process vessel to modify the first layer without the gas containing the second element saturating a modifying reaction of the first layer.

86.    Defendants have been aware of the '316 patent and its infringement since at least as early as July 27, 2016.

87.    On information and belief, Defendants have also induced and/or are inducing the infringement of the '316 patent by making, using, importing, offering for sale, and/or selling one or more of the Accused Products, including but not limited to the XP8 system.  Defendants sold and/or offered for sale one or more of the Accused Products, including but not limited to the XP8 system, and are continuing to do so, to customers with the specific intent to actively encourage them to use one or more of the Accused Products, including but not limited to the XP8 system in

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

18

PLAINTIFF HITACHI KOKUSAI
ELECTRIC INC.'S COMPLAINT FOR
PATENT INFRINGEMENT

the United States in a manner that Defendants know to be infringing.

88.    On information and belief, Defendants have also contributed to and/or are contributing to the infringement of the '316 patent by making, using, importing, offering for sale, and/or selling one or more of the Accused Products, including but not limited to the XP8 system. Defendants have made and/or sold such products with knowledge that they are especially designed for use in a patented system and/or apparatus for use in a patented process and are not a staple article of commerce suitable for substantial non-infringing use.  For example, among other things, on information and belief, Defendants actively and knowingly sell such products and provide customer support, installation and instruction material, and other documentation to customers for such products' use as a component of a patented system and/or apparatus for use in a patented process.  On information and belief, Defendants' customers have used and continue to use such products in the United States in this manner and infringed the '316 patent.

89.    As a result of Defendants' infringement of the '316 patent, HiKE has suffered and continues to suffer damages.  HiKE is entitled to recover from Defendants the damages adequate to compensate for such infringement in an amount to be determined at trial.

90.    Defendants' acts of infringement of the '316 patent herein have been committed and are being committed with full knowledge of HiKE's rights in the patent.  On information and belief, Defendants have acted and are continuing to act despite knowing that their actions constituted direct and/or indirect infringement of a valid patent, and they knew or should have known of this infringement since at least July 27, 2016.  Defendants' acts, since at least July 27, 2016, constitute willful and deliberate infringement, entitling HiKE to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs.

91.    Defendants' acts of infringement have caused and will continue to cause irreparable harm to HiKE for which there is no adequate remedy at law, thereby entitling HiKE to injunctive relief.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

19

PLAINTIFF HITACHI KOKUSAI
ELECTRIC INC.'S COMPLAINT FOR
PATENT INFRINGEMENT

# **PRAYER FOR RELIEF**

WHEREFORE, HiKE prays that this Court enters judgment and provides relief as follows:

A.     That Defendants have infringed and are infringing the Asserted Patents;

B.     That Defendants have induced and are inducing infringement of the Asserted Patents;

C.     That Defendants have contributed to and are contributing to infringement of the Asserted Patents;

D.     That the Asserted Patents are valid and enforceable;

E.     That Defendants, their officers, agents, and employees, and those persons in active concert of participation with any of them, and their successors and assigns be preliminarily and permanently enjoined from infringement of the Asserted Patents, including but not limited to an injunction against making, using, offering to sell, selling within the United States, and importing into the United States, products covered by the Asserted Patents;

F.     For an accounting for any infringing sales not presented at trial and an award by the Court of additional damages for any such infringing sales;

G.     That Defendants be ordered to account for and pay to HiKE the damages resulting from Defendants' infringement of the Asserted Patents, including lost profits, together with interest and costs, and all other damages permitted by 35 U.S.C. § 284, including enhanced damages up to three times the amount of damages found or measured, but in any event no less than a reasonable royalty;

H.     That this action be adjudged an exceptional case and HiKE be awarded its attorneys' fees, expenses and costs in this action pursuant to 35 U.S.C. § 285; and

I.     That HiKE be awarded such other equitable or legal relief as this Court deems just and proper under the circumstances.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

20

PLAINTIFF HITACHI KOKUSAI
ELECTRIC INC.'S COMPLAINT FOR
PATENT INFRINGEMENT

## JURY DEMAND

HiKE demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: December 1, 2017

/s/ Michael J. Lyons
Michael J. Lyons
Jason E. Gettleman
Jacob J.O. Minne
Karon N. Fowler
MORGAN, LEWIS & BOCKIUS LLP
1400 Page Mill Road
Palo Alto, CA  94304
Tel:       +1.650.843.4000
Fax:      +1.650.843.4001

Attorneys for Plaintiff
HITACHI KOKUSAI ELECTRIC INC.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

21

PLAINTIFF HITACHI KOKUSAI
ELECTRIC INC.'S COMPLAINT FOR
PATENT INFRINGEMENT