**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| HITACHI KOKUSAI ELECTRIC INC., ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> ASM INTERNATIONAL, N.V., et al., <br><br> Defendants. | Case No. 17-cv-06880-BLF <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COUNTS VI AND VII IN PLAINTIFFS' FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND** <br><br> [Re: ECF 27] |

Plaintiffs Hitachi Kokusai Electric Inc. ("HiKE") and Kabushiki-Kaisha Kokusai Electric bring this patent infringement action against Defendants ASM International NV ("ASMI") and ASM America, Inc. ("ASMA"). Before the Court is Defendants' motion to dismiss Counts VI and VII in Plaintiffs' First Amended Complaint. Mot., ECF 27. Having considered the briefing and oral argument of the parties, as well as the governing law, the Court GRANTS Defendants' motion to dismiss WITH LEAVE TO AMEND.

**I.   BACKGROUND**

Plaintiffs allege that Defendants infringe seven patents:[1] U.S. Patent Nos. 7,033,937 ("the '937 patent"), 6,576,063 ("the '063 patent"), 7,808,396 ("the '396 patent"), RE43,023 ("the '023 patent"), 6,744,018 ("the '018 patent"), 8,409,988 ("the '988 patent"), and 9,318,316 ("the '316 patent") (collectively, "the Asserted Patents"). First Am. Compl. ("FAC") ¶¶ 14, 22–164, ECF 24. In particular, Counts VI and VII in the FAC plead infringement of the '988 patent and '316 patent, respectively.

---

[1] The Court previously granted Plaintiff HiKE's motion to join Kabushiki-Kaisha Kokusai Electric as a plaintiff in this action. ECF 42. HiKE represents that it divested part of its business to a new company, Kabushiki-Kaisha Kokusai Electric, and that the new company will be assigned the patents asserted in this action. *Id.*

The '988 patent relates to a method of manufacturing a semiconductor device capable of improving defects of conventional chemical vapor deposition ("CVD") and atomic layer deposition ("ALD") methods in order to realize a high film-formation rate. FAC ¶ 121. The FAC alleges that Defendants "have infringed [the '988 patent] and are currently infringing literally and/or under the doctrine of equivalents." *Id.* ¶ 122. According to the FAC, Defendants' A412 batch vertical furnace system, Eagle XP8 PEALD system, and Dragon XP8 PECVD system products have been "configured and operated by [Defendants] to perform the method of at least claim 1 of the '988 patent." *Id.* ¶ 123. Independent claim 1 recites the following:

> 1. A method of manufacturing a semiconductor device, comprising:
>
> > (a) forming a first layer including a first element being able to become solid state by itself on a substrate by supplying a gas containing the first element into a process vessel accommodating the substrate under a condition where a CVD reaction is caused;
> >
> > (b) modifying the first layer by supplying a gas containing a second element being unable to become solid state by itself into the process vessel to form a second layer including the first element and the second element; and
> >
> > (c) performing a cycle comprising the steps (a) and (b) at least once to form a thin film having a predetermined thickness and including the first element and the second element.

Ex. F to FAC (the '988 patent), ECF 24-1.

The FAC further alleges that Defendants indirectly infringe the '988 patent by "actively and knowingly inducing others to make, use, sell, offer for sale, or import" the accused products. FAC ¶ 132. In addition, the FAC pleads that Defendants have "contributed to and/or are contributing to the infringement of the '988 patent by making, using, importing, offering for sale, and/or selling" the accused products. *Id.* ¶ 137.

The '316 patent relates to a method of manufacturing a semiconductor device where the method involves forming a thin film on a substrate by repeating a cycle that forms layers on a substrate. FAC ¶ 145. According to the FAC, Defendants "have infringed [the '316 patent] and are currently infringing literally and/or under the doctrine of equivalents." *Id.* ¶ 146. The FAC further alleges that Defendants' A412 batch vertical furnace system, Eagle XP8 PEALD system, and Dragon XP8 PECVD system products have been "configured and operated by [Defendants] to

2

perform the method of at least claim 1 of the '316 patent." *Id.* ¶ 147. Independent claim 1 recites the following:

> 1. A method of manufacturing a semiconductor device, the method comprising forming a thin film having a predetermined thickness and a predetermined composition on a substrate, the thin film comprising a first element and a second element different from the first element, by repeating a cycle a plurality of times, the cycle comprising:
>
> (a) forming a first layer comprising the first element and having a thickness of several atomic layers or less than one atomic layer on the substrate by supplying a gas containing the first element into a process vessel accommodating the substrate; and
>
> (b) forming a second layer comprising the first element and the second element by supplying a gas containing the second element into the process vessel to modify the first layer without saturating a modifying reaction of the first layer by the gas containing the second element.

Ex. G to FAC (the '316 patent), ECF 24-1.

The FAC also alleges that Defendants indirectly infringe the '316 patent by inducing their customers to practice the claimed method. FAC ¶¶ 154. In addition, the FAC asserts a contributory infringement claim based on the '316 patent against Defendants. *Id.* ¶ 159.

On March 2, 2018, Defendants filed the instant motion requesting the Court to dismiss Counts VI and VII for failure to state a claim. Mot.

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Under *Iqbal* and *Twombly*, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 662, 678 (citing *Twombly*, 550 U.S. at 555). Hence, the rule that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" apply in patent cases. *See Comcast Cable Commc'ns, LLC v. OpenTV, Inc.*, 319 F.R.D. 269, 272 (N.D. Cal. 2017) (citing *Iqbal*, 556 U.S. at 678). Such pleading standards under *Iqbal* and *Twombly* apply to allegations of direct and indirect (i.e., induced and contributory) infringement. *See Novitaz, Inc. v. inMarket Media, LLC*, No. 16-CV-06795, 2017 WL 2311407, at *2 (N.D. Cal. May 26, 2017); *Superior Industries, LLC v. Thor*

3

1 *Global Enterprises Ltd.*, 700 F.3d 1287, 1295–96 (Fed. Cir. 2012); *Finjan, Inc. v. Cisco Systems Inc.*, 2017 WL 2462423, *3–5 (N.D. Cal. 2017).

### III. DISCUSSION

#### A. Claims for Direct Infringement of the '988 and '316 Patents in Counts VI and VII

Defendants argue that the FAC fails to plead direct infringement of the '988 and '316 patents by either Defendant. Mot. 6. Specifically, Defendants contend that the FAC fails to sufficiently allege that Defendants use or operate the accused products at all, let alone using the methods claimed in the '988 and '316 patents. *Id.* Instead, in Defendants' view, the FAC simply states that the accused products are "operated by [Defendants] to perform the method[s]" claimed by those patents. *Id.* Defendants further assert that the FAC does not allege facts "setting forth why [Defendants themselves] would be fabricating semiconductor devices (as opposed to manufacturing and selling semiconductor fabrication equipment) in the United States" or that Defendants are "developing specific methods for manufacturing semiconductor devices and then giving them to . . . customers." Reply 3, ECF 29.

Plaintiffs counter that the FAC's direct infringement claims in Counts VI and VII provide more than a conclusory statement of infringement. Opp'n 7, ECF 28. For support, Plaintiffs argue that the court in *Intellicheck* found that the pleading was sufficient where a patentee "attached the patents-in-suit, described its protected technology, identified the accused products, and described how those products allegedly perform the same functions or methods that are protected by the [Asserted] Patent." *Id.* at 7 (citing *Intellicheck Mobilisa, Inc. v. Honeywell Int'l Inc.*, No. C16-0341JLR, 2017 WL 5634131, at *7 (W.D. Wash. Nov. 21, 2017)). In Plaintiffs' view, the FAC provides more than a conclusory statement because it attaches the '988 and '316 patents, describes the patents' claimed technology, and identifies the accused products, as in *Intellicheck*. Furthermore, Plaintiffs assert that their allegations "detail [Defendants'] use of specific gases and processing conditions to form a specific film." Opp'n 8. As examples, Plaintiffs point to the FAC allegations regarding aluminum nitride and "high-temperature ALD SiO" processes. *Id.* at 9–11.

The Court finds that Defendants' assertion that the FAC's direct infringement claims are

4

insufficiently pled is technically correct. A claim for direct infringement requires that "all steps of a claimed method are performed by or attributable to" *the defendant*. *Rearden LLC v. Walt Disney Co.*, No. 17-CV-04006-JST, 2018 WL 1000350, at *5 (N.D. Cal. Feb. 21, 2018) (citing *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015) (en banc)). Here, the FAC merely alleges in a conclusory manner that the accused products have "been configured and operated by [Defendants] to perform the [claimed] method[s]" of the '988 and '316 patents and that "[Defendants] perform[] a method of manufacturing a semiconductor device using" the accused products. FAC ¶¶ 123–24, 147–48. As Defendants argue (Reply 3), the FAC does not contain sufficient factual allegations that allow a reasonable inference to be drawn that Defendants are performing the claimed methods where they are manufacturers of semiconductor fabrication equipment. Conclusory allegations that Defendants perform the claimed methods are "not entitled to be assumed true." *Iqbal*, 556 U.S. at 681.

As mentioned, Plaintiffs assert that they have attached the '988 and '316 patents, described the patents' claimed technology, and identified the accused products, like the plaintiff in *Intellicheck*. This assertion, however, does not save the FAC from the above deficiencies. As Defendants argue (Reply 4 n.2), the plaintiff in *Intellicheck* pled specific facts alleging that the defendant performed the claimed method steps. 2017 WL 5634131, *2–3. For example, the plaintiff alleged that the defendant infringed the claimed methods through "product testing" processes. *Id.* Unlike *Intellicheck*, the FAC in this case contains no such allegations.

Accordingly, the Court GRANTS Defendants' motion to dismiss the direct infringement claims in Counts VI and VII with LEAVE TO AMEND.

**B. Claims for Induced and Contributory Infringement of the '988 and '316 Patents in Counts VI and VII**

Defendants argue that the FAC fails to sufficiently allege that "any third party uses the Accused Products in the manners alleged to infringe the '988 or '316 patents." Mot. 7. In other words, Defendants claim that Plaintiffs have not adequately pled direct infringement by a third party as a predicate to indirect (i.e., induced and contributory) infringement. Reply 4–5.

The Court agrees with Defendants. Rather than directly addressing Defendants' arguments

1  regarding the FAC's failure to allege direct infringement, Plaintiffs argue that the FAC sufficiently
2  pleads other elements of induced and contributory infringement claims including inducement,
3  intent to encourage infringement, and no substantial non-infringing uses. *See* Opp'n 12–19.
4  However, without a showing of direct infringement, indirect infringement claims cannot be
5  sustained. *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1320, 1322 (Fed. Cir. 2009).
6  Here, the FAC merely alleges in a conclusory manner that the accused products "as provided by
7  the ASM Defendants to their customers and used as intended, instructed and encouraged by the
8  ASM Defendants, infringe" the '988 and '316 patents. FAC ¶¶ 132, 154. But conclusory
9  allegations are "not entitled to be assumed true." *Iqbal*, 556 U.S. at 681.

To be sure, the FAC contains numerous allegations regarding Defendants' purported publications, participation in conferences, advertisements, instruction materials, and hands-on training sessions. *See, e.g.*, FAC ¶¶ 132–36, 154–58. However, Plaintiffs do not adequately plead that those allegations are related to the methods claimed in the '988 and '316 patents. As such, the FAC does not allow a reasonable inference to be drawn that Defendants' customers used the claimed methods in the '988 and '316 patents and therefore fails to plead indirect infringement claims. *See Varian Med. Sys., Inc. v. Elekta AB*, No. CV 15-871-LPS, 2016 WL 3748772, at *4 (D. Del. July 12, 2016), *report and recommendation adopted*, No. CV 15-871-LPS, 2016 WL 9307500 (D. Del. Dec. 22, 2016) (dismissing indirect infringement claims because the complaint did "not adequately allege that *any third party actually used* the accused device" (emphasis in original)). Plaintiffs will be allowed to amend the complaint to cure this deficiency. To be clear, Plaintiffs are not required to identify the names of specific customers who allegedly infringed the asserted method claims. Defendants agreed during oral argument. Hearing Tr. 4:14–20, ECF 50.

Regarding induced infringement, Defendants also argue that the FAC fails to plead "affirmative acts of inducement specifically tied to the allegedly infringing methods." Mot. 8. According to Defendants, the FAC contains general allegations about "training of customers, communications with customers, installation of equipment for customers, and customer service and support" but "fails to tie any of these acts to inducing the customer to specifically perform *the claimed methods*." *Id.* at 9 (emphasis in original). Plaintiffs disagree and contend that the FAC

6

alleges that Defendants acted with the specific intent to induce their customers to infringe the '988 and '316 patents by providing instructions and technical assistance, participating in conferences, advertising infringing uses, encouraging customers to directly communicate with Defendants, and offering hands-on training sessions. Opp'n 12–13.

The Court is unpersuaded by Plaintiffs' arguments. To state a claim for induced infringement, the FAC must plead "facts plausibly showing that [Defendants] specifically intended their customers to infringe the [claimed methods] and knew that the customer's acts constituted infringement." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012). Here, the FAC's allegations fall short of satisfying that requirement because the general allegations regarding Defendants' customer-related activities are not sufficiently related to infringement of the claimed methods. For example, the allegation that Defendants provided instruction material to customers without more is insufficient to show inducement of infringement. Indeed, a general allegation that "a user following the instructions may end up using the device in an infringing way" may not provide sufficient factual support. *Memory Integrity, LLC v. Intel Corp.*, 144 F. Supp. 3d 1185, 1196 (D. Or. 2015) (citing *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1329 n.2 (Fed. Cir. 2009)). The Court therefore finds that the induced infringement claims alleged in Counts VI and VII are deficient.

As to the contributory infringement claims, Defendants argue that the FAC fails to plead sufficient facts showing that the accused products have no substantial non-infringing uses. Mot. 9; Reply 9. Defendants contend that Plaintiffs merely parrot the required elements for a contributory infringement claim. Mot. 9. Plaintiffs respond that they have pled that the accused products have no substantial non-infringing uses and that those products are material to the infringement. Opp'n 18. As an example, Plaintiffs point out that the FAC alleges that "Defendants have made and/or sold such products with knowledge that they are *especially designed* for use in a patented system and/or apparatus *for use in a patented process*." *Id.* (citing FAC ¶ 137) (emphasis in original); *see also* FAC ¶ 159. Plaintiffs further contend that "once the furnaces are designed, configured, and installed for a specific use in a patented process, there is no substantial non-infringing use." Opp'n 19.

To state a claim for contributory infringement, "a plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *In re Bill of Lading*, 681 F.3d at 1337. The Court finds that the FAC fails to satisfy this requirement. The FAC only alleges that Defendants sold the accused products with knowledge that they are especially designed for use in a patented process and then states in a conclusory manner that those products are not a "staple article of commerce suitable for substantial non-infringing use." FAC ¶¶ 137, 159. Such a conclusory allegation does not support an inference that the accused products have "no substantial non-infringing uses." *See Iqbal*, 556 U.S. at 681; *In re Bill of Lading*, 681 F.3d at 1337–38; *see also Novatel Wireless, Inc. v. Franklin Wireless Corp.*, No. 10CV2530-CAB (JMA), 2012 WL 12845614, at *6 (S.D. Cal. Mar. 29, 2012).

Plaintiffs contend that courts must presume a complaint's allegations regarding the lack of "substantial non-infringing uses" to be true at the pleading stage. Opp'n 19 (citing *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1357 (Fed. Cir. 2018)). If Plaintiffs cite *Nalco* for the proposition that the mere allegation that an accused product has no "substantial non-infringing uses" without more must be presumed to be true, Plaintiffs read *Nalco* too broadly because that case involved additional factual allegations. In particular, the plaintiff in *Nalco* pled that two chemical additives were "specifically formulated" to create a mixture and that once a coal-fired power plant purchased the two chemical additives, the coal-fired power plant had "no other use" for the chemical additives except to create a mixture used in the infringing process. 883 F.3d at 1357. Those allegations supported a reasonable inference that the chemical additives had no substantial non-infringing uses. In fact, after *Nalco*, courts have continued to hold that the mere recitation of elements of a contributory infringement claim is "not entitled to the presumption of truth." *Uniloc USA, Inc. v. Apple Inc.*, No. C 18-00359 WHA, 2018 WL 2047553, at *5 (N.D. Cal. May 2, 2018) (dismissing contributory infringement claim for failing to allege sufficient factual support where *Nalco* was submitted to the court). As discussed above, Plaintiffs' FAC falls short of alleging sufficient factual content that would support a reasonable inference that the accused products have no substantial non-infringing uses.

8

As a final point, Defendants contend that Plaintiffs cite *Nalco* where the "plaintiff alleged that the accused products could not be used for purposes other than infringement" but that the FAC contains no such allegation. Reply 6 (citing Opp'n 19). According to Defendants, Plaintiffs attempt to rewrite the FAC by arguing that the accused products have no substantial non-infringing use once they "are designed, configured, and installed for a specific use in a patented process." *Id.* (citing Opp'n 19). The Court agrees with Defendants because those allegations are not pled in the FAC. The Court therefore does not consider those allegations and need not determine whether those allegations would support Plaintiffs' contributory infringement claims. For the foregoing reasons, the Court concludes that the contributory infringement claims alleged in Counts VI and VII are deficient.

## IV. CONCLUSION

Defendants' motion to dismiss Counts VI and VII in Plaintiff's First Amended Complaint is GRANTED WITH LEAVE TO AMEND. Plaintiffs must amend their pleadings, if at all, **within fourteen (14) days of the date of this order**.

**IT IS SO ORDERED.**

Dated: July 23, 2018

BETH LABSON FREEMAN
United States District Judge