# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| HITACHI KOKUSAI ELECTRIC INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> ASM INTERNATIONAL, N.V., et al., <br><br> Defendants. | Case No. 17-cv-06880-BLF <br><br> **ORDER DENYING DEFENDANTS' MOTION TO DISMISS COUNTS VI AND VII OF SECOND AMENDED COMPLAINT** <br><br> [Re: ECF 58] |

Before the Court is Defendants' Motion to Dismiss Counts VI and VII of Second Amended Complaint for Patent Infringement ("Motion"). Motion, ECF 58. The Court heard oral argument on Defendants' Motion on November 8, 2018 ("the Hearing"). Having considered the oral argument, briefing, and relevant law, and for the reasons set forth below, the Court hereby DENIES Defendants' Motion to Dismiss Counts VI and VII of Second Amended Complaint.

## I. BACKGROUND

Defendants previously filed a similar motion to dismiss counts VI and VII of Plaintiffs' first amended complaint, *see* ECF 27, which the Court granted with leave to amend, *see* ECF 53. Plaintiffs subsequently filed a second amended complaint amending counts VI and VII, *see* ECF 57, and the present Motion followed, *see* ECF 58.

Plaintiffs allege that Defendants infringe seven patents: U.S. Patent Nos. 7,033,937 ("the '937 patent"), 6,576,063 ("the '063 patent"), 7,808,396 ("the '396 patent"), RE43,023 ("the '023 patent"), 6,744,018 ("the '018 patent"), 8,409,988 ("the '988 patent"), and 9,318,316 ("the '316 patent") (collectively, "the Asserted Patents"). Second Am. Compl. ("SAC") ¶¶ 15, 23–187, ECF 57. In particular, Counts VI and VII in the SAC plead infringement of the '988 patent and '316 patent, respectively.

The '988 patent relates to a method of manufacturing a semiconductor device capable of improving defects of conventional chemical vapor deposition ("CVD") and atomic layer deposition ("ALD") methods in order to realize a high film-formation rate. SAC ¶ 122. The SAC alleges that Defendants "have infringed [the '988 patent] and are currently infringing literally and/or under the doctrine of equivalents." *Id.* ¶ 123. According to the SAC, Defendants' A412 batch vertical furnace system, Eagle XP8 PEALD system, and Dragon XP8 PECVD system products have been "configured and operated by [Defendants] to perform the method of at least claim 1 of the '988 patent." *Id.* ¶ 124. The SAC further alleges that Defendants indirectly infringe the '988 patent by "actively and knowingly inducing others to make, use, sell, offer for sale, or import" the accused products. SAC ¶ 140. In addition, the SAC pleads that Defendants have "contributed to and/or are contributing to the infringement of the '988 patent by making, using, importing, offering for sale, and/or selling" the accused products. *Id.* ¶ 148.

The '316 patent relates to a method of manufacturing a semiconductor device where the method involves forming a thin film on a substrate by repeating a cycle that forms layers on a substrate. SAC ¶ 157. According to the SAC, Defendants "have infringed [the '316 patent] and are currently infringing literally and/or under the doctrine of equivalents." *Id.* ¶ 158. The SAC further alleges that Defendants' A412 batch vertical furnace system, Eagle XP8 PEALD system, and Dragon XP8 PECVD system products have been "configured and operated by [Defendants] to perform the method of at least claim 1 of the '316 patent." *Id.* ¶ 159. The SAC also alleges that Defendants indirectly infringe the '316 patent by inducing their customers to practice the claimed method. *Id.* ¶ 173. In addition, the SAC asserts a contributory infringement claim based on the '316 patent against Defendants. *Id.* ¶ 181.

## II. LEGAL STANDARD

### A. Requests for Judicial Notice

The Court may take judicial notice of documents referenced in the complaint, as well as matters in the public record. *See Lee v. City of LA.*, 250 F.3d 668, 688–89 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002). In addition, the Court may take judicial notice of matters that are either "generally

known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Public records, including judgments and other court documents, are proper subjects of judicial notice. *See, e.g.*, *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007). However, "[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

### B. Federal Rule of Civil Procedure 12(b)(6)

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Under *Iqbal* and *Twombly*, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 662, 678 (citing *Twombly*, 550 U.S. at 555). Hence, the rule that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" applies in patent cases. *See Comcast Cable Commc'ns, LLC v. OpenTV, Inc.*, 319 F.R.D. 269, 272 (N.D. Cal. 2017) (citing *Iqbal*, 556 U.S. at 678). Such pleading standards under *Iqbal* and *Twombly* apply to allegations of direct and indirect (i.e., induced and contributory) infringement. *See Novitaz, Inc. v. inMarket Media, LLC*, No. 16-CV-06795, 2017 WL 2311407, at *2 (N.D. Cal. May 26, 2017); *Superior Industries, LLC v. Thor Global Enterprises Ltd.*, 700 F.3d 1287, 1295–96 (Fed. Cir. 2012); *Finjan, Inc. v. Cisco Systems Inc.*, 2017 WL 2462423, *3–5 (N.D. Cal. 2017).

### C. Federal Rule of Civil Procedure 12(b)(2)

Federal Rule of Civil Procedure 12(b)(2) authorizes a defendant to seek dismissal of an action for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). "Where [] the defendant's

3

motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015) (internal quotation marks and citation omitted). Uncontroverted allegations in the complaint are taken as true, *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004), and factual disputes contained within declarations or affidavits are resolved in the plaintiff's favor, *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008).

Under Federal Rule of Civil Procedure 4(k)(1)(A), this Court has personal jurisdiction if the defendant would be "subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located," here California. Because California's long-arm statute is coextensive with federal due process requirements, the Court may exercise personal jurisdiction so long as it comports with due process. *See Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011). "[D]ue process requires that the defendant 'have certain minimum contacts' with the forum state 'such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice."'" *Ranza*, 793 F.3d at 1068 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

The Supreme Court has recognized two types of personal jurisdiction: (1) general (or all-purpose) jurisdiction and (2) specific (or case-specific) jurisdiction. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 927 (2011). General jurisdiction is based on certain limited affiliations that the defendant has with the forum state. *Id.* at 919. In contrast, specific jurisdiction is based on the defendant's connections to the state with regard to the particular controversy at issue. *Id.*

### III. DISCUSSION

Defendants (1) request judicial notice of various documents; (2) move to dismiss Counts VI and VII of the SAC for failure to state a claim under Rule 12(b)(6); and (3) move to dismiss Counts VI and VII of the SAC for lack of personal jurisdiction under Rule 12(b)(2). *See* Notice of Motion, ECF 58. The Court addresses each issue in turn.

### A. Defendants' Request for Judicial Notice (ECF 59)

Defendants request judicial notice of four of Defendants' webpages concerning Defendants' research and development locations/activities and one "scholarly article." *See* Request for Judicial Notice at 1, ECF 59. Plaintiffs oppose Defendants' request for judicial notice on grounds that the four webpages are "irrelevant" and that the scholarly article is "subject to reasonable dispute . . . [and] is a highly disputed issue." *See* Opp'n at 21, ECF 68. The Court denies Defendants request for judicial notice in full. First, the four webpages are not directed to a fact of consequence in determining the present motion because Plaintiffs' infringement theories in Counts VI and VII of the SAC do not relate to the location or nature of Defendants' research and development activities. *See generally* SAC. Thus, the Court finds the webpages "irrelevant to the instant motion[]," and therefore declines to take judicial notice. *See CYBERsitter, LLC v. People's Republic of China*, 805 F. Supp. 2d 958, 964 (C.D. Cal. 2011). Second, the Court finds the contents of the "scholarly article" disputed, and as such, "cannot take judicial notice of the contents of [the] document[] for the truth of the matters asserted therein," *see Rearden LLC v. Walt Disney Co.*, 293 F. Supp. 3d 963, 968 (N.D. Cal. 2018). In sum, Defendants' request for judicial notice at ECF 59 is DENIED.

### B. Motion to Dismiss under Rule 12(b)(6)

Defendants assert that Counts VI and VII of the SAC (1) "fail[] to plead sufficient facts to support direct infringement" and (2) "fail[] to plead indirect infringement." *See* Motion at 9–10. In opposition, Plaintiffs argue that the SAC contains "ample factual allegations from which this Court can reasonably infer infringement—both direct and indirect." *See* Opp'n at 1. While it may be an exaggeration to say that Plaintiffs' newly pleaded factual allegations are an "ample" basis for inferring infringement, the Court does find, that by a narrow margin, Plaintiffs' SAC sufficiently cures the deficiencies of the FAC to survive a motion to dismiss. Direct and indirect infringement are discussed in turn.

#### 1. Claims for Direct Infringement of '988 and '316 Patents in Counts VI and VII

Both sides agree that to survive a motion to dismiss, the SAC's direct infringement claims must plausibly allege that Defendants directly infringed the patented methods within the United

States. *See* Motion at 9; Opp'n at 3–4. However, the parties dispute whether Plaintiffs' SAC does so under the *Twombly/Iqbal* pleading standard. *Id.* Defendants argue that the SAC fails to plead direct infringement of the '988 and '316 patents by either Defendant "because it does not contain any specific facts to support an inference that [Defendants themselves] use[] the Accused Products to perform the allegedly infringing methods *in the United States*." Motion at 9 (emphasis added). Plaintiffs counter that "the SAC demonstrates how [Defendants] perform[] each and every method step in the United States during the rigorous qualification process that [Defendants] must undergo to qualify each sale of the Accused Products to a US customer." Opp'n at 6–7; *see also* SAC ¶¶ 138–139.

A claim for direct infringement requires that "all steps of a claimed method are performed by or attributable to" the defendant. *Rearden LLC v. Walt Disney Co.*, 293 F. Supp. 3d 963, 972 (N.D. Cal. 2018) (citing *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015) (en banc)). In its Order Granting Defendants' Motion to Dismiss Counts VI and VII in Plaintiffs' First Amended Complaint with Leave to Amend ("Order Dismissing FAC"), the Court found that "the FAC does not contain sufficient factual allegations that allow a reasonable inference to be drawn that Defendants are performing the claimed methods where they are manufacturers of semiconductor fabrication equipment." *See* Order Dismissing FAC at 5, ECF 53. However, unlike the FAC, the Court finds that Plaintiffs' SAC does contain—by a narrow margin—such sufficient factual allegations.

The SAC newly pleads that "in preparation for [events such as SEMICON West held in 2016 in San Francisco] and as part of testing products for sale, [Defendants] ha[ve] used and operated the Accused Products using the methods claims in the '988 patent." SAC ¶ 132; *see also* SAC ¶ 165 (similar language with respect to the '316 patent). While this paragraph does not necessarily implicate Defendants in practicing the method claims within the United States, it is undisputed that Defendants sell to customers within the United States, and the SAC goes on to newly plead that "in the course of meeting the customers' requests . . . Defendants must demonstrate that the equipment can produce the requested thin film . . . [and] [t]he qualification testing required for sale of the equipment requires that [Defendants] perform[] all steps of at least

6

claim 1 of the '988 patent." SAC ¶ 138; *see also* SAC ¶ 171 (similar language with respect to the '316 patent). The SAC then newly pleads that Defendants have represented that "'it is the practice of the industry for the supplier of a semiconductor processing tool to provide standard recipes . . . [and] [i]mplementation of such recipes on the tool unavoidably require[] involvement of [the supplier].'" SAC ¶ 147; *see also* SAC ¶ 180 (similar language with respect to the '316 patent).

Thus, the factual matter in the SAC, accepted as true, *see Iqbal*, 556 U.S. at 678, supports the inference that Defendants—as the manufacturers of semiconductor fabrication equipment—have performed at least one claimed method of the '988 and '316 patents, respectively, during or as part of installation or product/qualification testing at a customer site or other location within the United States. Accordingly, the Court finds that the SAC contains more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *See Comcast Cable*, 319 F.R.D. at 272 (citing *Iqbal*, 556 U.S. at 678). Although by an extremely thin margin, Plaintiffs have done just enough to "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### 2. Claims for Indirect Infringement of '988 and '316 Patents in Counts VI and VII

Defendants argue that the SAC fails to plead indirect infringement (i.e., induced and contributory infringement) "because it does not allow a reasonable inference to be drawn that [Defendants'] customers used the allegedly-infringing methods in the United States." Motion at 10. Plaintiffs counter that the SAC's newly pled factual allegations permit such an inference. *See* Opp'n at 14. The Court agrees with Plaintiffs.

Without a showing of direct infringement, indirect infringement claims cannot be sustained. *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1320, 1322 (Fed. Cir. 2009). The Court previously found that "the FAC does not allow a reasonable inference to be drawn that Defendants' customers used the claimed methods in the '988 and '316 patents and therefore fails to plead indirect infringement claims." Order Dismissing FAC at 6, ECF 53. However, by a narrow margin, the SAC plausibly alleges that Defendants' customers have directly infringed the patented methods within the United States.

For example (and not as an exhaustive list), the SAC newly pleads that the accused products are "configured for AlN thin films and high-temperature SiO thin films . . . [and] [f]ollowing qualification of [Defendants'] equipment, [Defendants'] customers, without authority from Plaintiffs, perform the infringing method within the United States, thereby infringing the '988 [p]atent." SAC ¶ 146; *see also* SAC ¶ 179 (similar language with respect to the '316 patent). Thus, because the Court finds direct infringement by Defendants in the customer-qualification process plausible for the reasons discussed in section III.B.1 *supra*, it necessarily follows that the same method(s) when practiced by customers in the United States also constitutes plausible direct infringement. Accordingly, the Court finds—and again by a thin margin—that the factual matter in the SAC, accepted as true, supports the inference that Defendants' customers have also performed at least one claimed method of the '988 and '316 patents, respectively.

Defendants also argue that the SAC fails to plead facts plausibly showing that Defendants "knowingly induced the infringing acts" and "possessed specific intent to encourage infringement." Motion at 13. Indeed, to state a claim for induced infringement, the complaint must plead "facts plausibly showing that [Defendants] specifically intended their customers to infringe the [claimed methods] and knew that the customer's acts constituted infringement." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012). However, the SAC newly alleges[1] that Defendants sell the accused products to customers precisely because of the equipment's ability to perform infringing uses; that Defendants qualify the equipment for those infringing uses; and that "[t]he customer is [then] disincentivized from changing the method because if it makes substantial changes to the qualified method, the equipment would no longer be qualified to produce the desired thin film." *See* SAC ¶¶ 138, 139; *see also* SAC ¶¶ 171, 172. The SAC also alleges that "Defendants have been aware of the '988 patent and its infringement since at least as early as October 17, 2014," *see* SAC ¶ 137, and that "Defendants have been aware of the '316 patent and its alleged infringement since at least as early as July 27, 2016," *see* SAC ¶ 170. Accordingly, the Court finds that the factual matter in the SAC,

---

[1] This discussion pertains to an example of what the SAC newly alleges and is not to be taken as an exhaustive list with respect to specific intent or any other topic.

accepted as true, plausibly supports the inference that Defendants specifically intended their customers to infringe the '988 and '316 patents, respectively, and that Defendants knew that the customers' practice of the qualified method(s) would constitute infringement.

### C. Motion to Dismiss under Rule 12(b)(2)

Defendants additionally argue that the SAC fails to allege facts sufficient to establish personal jurisdiction over either Defendant with respect to Counts VI and VII of the SAC. *See* Motion at 13–14, ECF 58. Plaintiffs counter that the Court has jurisdiction over Counts VI and VII due to "[Defendants'] forum-related activities" and that in any event Defendants have "already admitted to Plaintiffs' allegations" of personal jurisdiction. *See* Opp'n at 18–19, ECF 68. The Court agrees with Plaintiffs.

Plaintiffs allege that "Defendants . . . have purposefully and voluntarily placed the Accused Products into the stream of commerce with the intention and expectation that the Accused Products will be purchased and used by customers in the Northern District of California." SAC ¶ 9. In support, Plaintiffs allege[2] that Defendants "advertise new semiconductor manufacturing methods at industry and academic events such as SEMICON [in San Francisco in 2016]." SAC ¶¶ 132, 134. The SAC includes a reprint of Defendants' "chart from Semicon West, 2016 [in San Francisco] . . . [displaying] rapid expansion of product offerings." *See* SAC ¶ 135. Plaintiffs allege that these product offerings involve Defendants' infringing "methods for producing a semiconductor product," SAC ¶ 135, and that Defendants infringe "[b]y manufacturing these new films and using these new deposition methods," SAC ¶ 136. Indeed, Defendants acknowledge having given such presentations in California. *See* Motion at 12. Plaintiffs further allege that Defendants "conduct business in California through their sales and service office located at 97 East Brokaw Road, Suite 100, San Jose, California, 95112." SAC ¶ 9.

As discussed in section III.B *supra*, the Court finds that Plaintiffs have met their burden of stating infringement claims of the '988 and '316 patents, respectively, "that [are] plausible on [their] face," *Twombly*, 550 U.S. at 570, and these claims are predicated on sales and distribution

---

[2] The Court's discussion here pertains to examples of what the SAC alleges in support of personal jurisdiction and is not to be taken as an exhaustive list.

of the accused products by the Defendants in this District, *see* SAC ¶ 9. Thus, the Court finds unavailing Defendants' argument that specific personal jurisdiction is lacking because the SAC's infringement allegations "derive entirely from research activities that took place outside the United States." *See* Motion at 13–14. Moreover, when, as is the case here, Defendants' motion is based on written materials and not an evidentiary hearing, Plaintiffs "need only make a prima face showing of jurisdictional facts." *Ranza*, 793 F.3d at 1068. Based on the discussion above, the Court finds that Plaintiffs have made a prima facie showing that Defendants have "purposefully avail[ed] [themselves] of the privilege of conducting activities" in this forum, that Plaintiffs' claims "arise[] out of or relate[] to" Defendants' forum-related activities, and that exercise of jurisdiction over Defendants would be "reasonable." *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). Accordingly, the Court finds exercise of personal jurisdiction over Defendants in this forum warranted. *See id.*

Finally, in its Answer to Plaintiffs' First Amended Complaint ("FAC"), Defendants "admit[ted] that this Court has personal jurisdiction over [them]." *See* Answer ¶ 8, ECF 51. In their Reply brief, *see* ECF 69 at 8, Defendants argue that their admission to personal jurisdiction applied only to Counts I to V of the FAC; however, the Court notes overlap between the products accused in Counts I to V of the FAC and in Counts VI and VII of the SAC, *see, e.g.*, FAC ¶ 84, ECF 24; SAC ¶ 124, ECF 57. Therefore, the Court separately finds Defendants' personal jurisdiction arguments foregone due to Defendants' prior admission.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Counts VI and VII of Second Amended Complaint at ECF 58 is DENIED.

**IT IS SO ORDERED.**

Dated: November 21, 2018

_____
BETH LABSON FREEMAN
United States District Judge