# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| HITACHI KOKUSAI ELECTRIC INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ASM INTERNATIONAL, N.V., et al.,<br><br>Defendants. | Case No. 17-cv-06880-BLF<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR AN EXTENSION OF TIME PURSUANT TO CIVIL LOCAL RULE 6-3**<br><br>[Re: ECF 120] |

Before the Court is Plaintiffs' Motion for an Extension of Time ("Motion") pursuant to Civil Local Rule 6-3. Motion, ECF 120. Plaintiffs state that under the current Scheduling Order, Plaintiffs' Damages Contentions are due on June 28, 2019, over a month before Defendants' Invalidity Contentions which are due on August 2, 2019. *See* Motion at 1; Scheduling Order at 1, ECF 117. Plaintiffs request that the Court extend the deadline for Plaintiffs to serve their Damages Contentions to September 23, 2019, because "Damages Contentions are usually due '50 days after service of the Invalidity Contentions.'" *See* Motion at 1 (citing Patent L.R. 3-8). Defendants oppose, on the basis that Plaintiffs' request "is unnecessary" and that Plaintiffs would not be prejudiced under the current Scheduling Order because "[t]here is no additional relevant damages discovery Plaintiffs are actually waiting for or need." *See* Opp'n at 2, ECF 122. For the reasons stated below, Plaintiffs' Motion is DENIED.

A party seeking to amend a scheduling order must show "good cause" for such relief. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). A "good cause determination focuses primarily on the diligence of the moving party." *Yeager v. Yeager*, 2009 WL 1159175, at *2 (E.D. Cal. Apr. 29, 2009) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Courts may take into account any resulting

1 prejudice to the opposing party, but "the focus of the [Rule 16(b)] inquiry is upon the moving party's reasons for seeking modification . . . [i]f that party was not diligent, the inquiry should end." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015) (quoting *Johnson,* 975 F.2d at 609).

Here, Plaintiffs have not demonstrated diligence in seeking the requested modification. On March 14, 2019, the parties stipulated to modify Defendants' deadline to disclose Invalidity Contentions to August 2, 2019 (the same day as Plaintiffs' deadline to disclose Invalidity Contentions regarding counterclaim patents), while leaving the June 28, 2019 deadline for Damages Contentions for all patents in place. *See* Ex. A to Joint Stipulation, ECF 101-1. On March 15, 2019, the Court granted the parties' Joint Stipulation incorporating those same deadlines. *See* ECF 102. On April 25, 2019, the parties again stipulated to the same deadlines in seeking a separate change to the Scheduling Order, *see* ECF 116-1, which the Court granted on April 26, 2019, *see* ECF 117. Thus, Plaintiffs have had the current schedule at their disposal for months prior to bringing the instant Motion.

While Plaintiff argues that Patent Local Rule 3-8 was intended to give a plaintiff 50 days after service of the Invalidity Contentions to serve Damages Contentions, *see* Motion at 2, this rule merely provides that Damages Contentions are due "[n]ot later than 50 days after service of the Invalidity Contentions," *see* Patent L.R. 3-8. In other words, Patent Local Rule 3-8 provides an ultimate deadline for service of Damages Contentions but does not prevent parties from stipulating to a different schedule with an earlier deadline, as is the case here. Plaintiffs contend that in stipulating to the current schedule, "Plaintiffs inadvertently omitted including a corresponding change to the due date for the Damages Contentions." *See* Motion at 3. However, the current Damages Contentions deadline applies to *both* Plaintiffs and Defendants, and Plaintiffs do not argue that both sides inadvertently failed to adjust the deadline in the parties' prior stipulations.

In sum, Plaintiff's Motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: June 12, 2019

_____
BETH LABSON FREEMAN
United States District Judge